**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TAYLOR MORRISON OF FLORIDA, INC.,

      Plaintiff,                            CASE NO.

v.

NATIONAL BUILDERS INSURANCE COMPANY
F/K/A VININGS INSURANCE COMPANY,

      Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**DECLARATORY RELIEF REQUESTED**

Plaintiff, TAYLOR MORRISON OF FLORIDA, INC. ("Taylor Morrison"),
by and through the undersigned counsel, sues Defendant, NATIONAL BUILDERS
INSURANCE COMPANY F/K/A VININGS INSURANCE COMPANY
("Builders"), and alleges as follows:

**NATURE OF THE ACTION**

1.     This is an action for breach of Builders' duty to defend Taylor Morrison
as an Additional Insured under liability insurance policies in connection with
lawsuits filed by individual homeowners against Taylor Morrison in Florida state
courts and/or actions pending before the American Arbitration Association
("Underlying Lawsuits"). Pursuant to 28 U.S.C. § 2201, Taylor Morrison also seeks
a declaration of its right to a defense as an Additional Insured under the policies
issued by Builders.

2.      The Underlying Lawsuits allege property damage resulting from alleged construction defects due to work performed by Taylor Morrison's subcontractor, Construction Coatings Group, Inc. ("CCG").

3.      CCG was contractually obligated to and did obtain liability insurance from Builders that provides coverage to Taylor Morrison as an Additional Insured, including the separate requirements that Builders (1) defend Taylor Morrison against allegations of liability because of property damage resulting from CCG's work and (2) indemnify Taylor Morrison for damages because of such property damage.

4.      Taylor Morrison has tendered and continues to tender the Underlying Lawsuits to Builders to demand a defense and indemnity as the Underlying Lawsuits are made.  However, Builders either has refused to provide a defense or failed to respond to the demands for such an extended period of time that the nonresponses were effective denials.  As a result, Taylor Morrison has been forced to bear the costs of defending itself against the Underlying Lawsuits, even though such costs are the obligation of Builders.

## PARTIES AND JURISDICTION

5.      Plaintiff Taylor Morrison is a Florida corporation with its principal place of business in Arizona.

6.      Defendant Builders is a corporation organized under the laws of Delaware with its principal place of business in Atlanta, Georgia.  Builders is licensed to and does carry on business as a property and casualty insurer in the State of Florida.

2

7.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this matter involves a dispute between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District; the properties that are the subject of the Underlying Lawsuits are situated in this District; and Builders conducts business in this District.

9.     Taylor Morrison has retained the law firm of Cogburn Law Firm, P.A. and has agreed to pay its reasonable attorneys' fees to represent it in this action.

10.     All conditions precedent to bringing this action have been waived, excused, performed, or have otherwise occurred.

## FACTUAL ALLEGATIONS

### I.     THE WORK PERFORMED BY CCG

11.     Taylor Morrison was the general contractor for the construction of various residential developments across central Florida, each of which involved the construction of single-family homes (the "Projects").

12.     On or about November 14, 2013, Taylor Morrison entered into a Master Agreement for Vertical Construction Services with CCG (the "Subcontract"), pursuant to which CCG agreed to furnish labor and materials generally related to the installation of stucco for all projects on which it performed work for Taylor Morrison, including the Projects.  A copy of the Subcontract is attached as **Exhibit 1**.

13.    The Subcontract required that CCG obtain liability insurance naming Taylor Morrison and its affiliates as Additional Insureds with respect to liability for property damage resulting from CCG's work on the Projects, including property damage within the "products-completed operations hazard."

14.    CCG completed its work on individual homes at the Projects during the time period from 2013 to 2016.

**II.    THE BUILDERS POLICIES**

15.    Builders (formerly known as Vinings Insurance Company) issued at least four liability insurance policies that provide coverage to CCG as a Named Insured:  Policy No. GLP 0148978 00 (policy period 7/16/13 to 7/16/14); Policy No. GLP 0148978 01 (policy period 7/16/14 to 7/16/15); Policy No. GLP 0148978 02 (policy period 7/16/15 to 7/16/16); and Policy No. GLP 0148978 04 (policy period 7/16/16 to 7/16/17) (collectively, the "Policies").  Copies of the Policies currently in Taylor Morrison's possession are attached as **Exhibits 2 through 5**.

16.    The Policies provide ongoing and products-completed operations coverage for liability because of property damage resulting from CCG's work.

17.    The insuring agreements of the Policies state, in relevant part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of . . . "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages . . . .

4

18.    The Policies define "property damage" to include:

    a.  Physical injury to tangible property, including all resulting loss of use of that property . . . . or

    b.  Loss of use of tangible property that is not physically injured . . . .

19.    For coverage to be afforded, "property damage" must be caused by an "occurrence," which is defined under the Policies as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

20.    The Policies each contain endorsements extending additional insured coverage where required by contract for CCG's ongoing and products-completed operations.

21.    The Subcontracts required that Taylor Morrison and its affiliates be named as an Additional Insured on CCG's policies of insurance.

## III.    THE UNDERLYING LAWSUITS

22.    On or about March 7, 2023, homeowners in the Projects began filing the Underlying Lawsuits against Taylor Morrison.  To date, homeowners have filed numerous lawsuits, 45 of which are claims in which Taylor Morrison is actively defending ("Underlying Lawsuits").  The Underlying Lawsuits are listed in **Exhibit 6**.  Taylor Morrison continues to be served with Underlying Lawsuits and anticipates that additional Underlying Lawsuits will be filed.

23.    The Underlying Lawsuits allege claims for negligence against Taylor Morrison with regard to the work performed by Taylor Morrison's stucco

subcontractor. The complaints contain materially identical allegations, including that: the homes were built by Taylor Morrison's subcontractors; the stucco installation was defective; and the defective stucco installation resulted in property damage, for which the homeowners seek damages.

24. The Underlying Lawsuits also assert a theory of vicarious liability for the work performed by Taylor Morrison's stucco subcontractor.

25. Taylor Morrison has incurred and continues to incur defense costs in connection with the Underlying Lawsuits.

26. CCG installed the stucco on each of the homes that is the subject of the Underlying Lawsuits.

## IV.    TAYLOR MORRISON'S DEMANDS FOR A DEFENSE

27. Taylor Morrison has tendered and continues to tender the Underlying Lawsuits to Builders, demanding a defense and indemnity as an Additional Insured in connection therewith.

28. For each claim, Builders has either refused to provide a defense or failed to respond to Taylor Morrison's tenders. Taylor Morrison therefore has been forced to provide its own defense.

29. To date, Builders has not agreed to defend Taylor Morrison for any of the Underlying Lawsuits.

## COUNT I
## BREACH OF CONTRACT – DUTY TO DEFEND

6

30.     Taylor Morrison re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 29 as if fully set forth herein.

31.     The Policies are written contracts of insurance obligating Builders to defend Taylor Morrison, as an Additional Insured, against any claim seeking damages because of property damage that results from CCG's work, takes place during the policy period, and is caused by an occurrence.  Builders' contractual duty to defend is separate and apart from its duty to indemnify and is triggered if there is any potential for coverage.

32.     The Underlying Lawsuits allege facts that create the potential for coverage under the Policies, thereby triggering Builders' duty to defend Taylor Morrison.

33.     Builders has a personal and indivisible obligation to provide Taylor Morrison, as its Additional Insured, with a defense in connection with the Underlying Lawsuits.  Builders is jointly and severally liable for all defense costs incurred by Taylor Morrison in connection with the Underlying Lawsuits.

34.     Builders has breached its duty to defend Taylor Morrison under the Policies by refusing to defend Taylor Morrison in connection with the Underlying Lawsuits.

35.     As a direct and proximate result of Builders' breach of its duty to defend, Taylor Morrison has suffered damages, including, but not limited to, attorneys' fees and other costs Taylor Morrison has been forced to incur to defend

itself in connection with the Underlying Lawsuits. These damages are continuing in nature.

**WHEREFORE**, Taylor Morrison respectfully requests that the Court enter judgment against Builders awarding Taylor Morrison compensatory damages directly and proximately caused by Builders' breach of its contractual duty to defend Taylor Morrison, together with prejudgment interest, attorneys' fees pursuant to Florida Statutes §§ 86.121 and 627.428 (2022), costs, and such other and further relief as the Court may deem just and proper, including, without limitation, incidental and consequential damages.

## COUNT II
## DECLARATORY JUDGMENT (DUTY TO DEFEND TAYLOR MORRISON)

36.     Taylor Morrison re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 29 as if fully set forth herein.

37.     Upon information and belief, Builders disputes one or more of the allegations herein, including, without limitation, the allegation that Builders owes a duty to defend Taylor Morrison as an Additional Insured in connection with the Underlying Lawsuits.

38.     By reason of the foregoing, an actual and justiciable controversy exists between Taylor Morrison and Builders regarding their respective rights and obligations under the Policies, including, but not limited to, Builders' obligation to defend Taylor Morrison as an Additional Insured in connection with the Underlying Lawsuits.

8

39.     The issues sought to be adjudicated are not merely theoretical, and Plaintiff is not seeking an advisory opinion from the Court.

40.     An order from the Court will resolve these disputes between the parties concerning their respective rights and obligations.

41.     Taylor Morrison is entitled to a declaratory judgment, *inter alia*, that:

(a)     Builders' duty to defend Taylor Morrison was triggered by the Underlying Lawsuits;

(b)     Builders has a personal and indivisible obligation to provide a defense to Taylor Morrison in connection with the Underlying Lawsuits;

(c)     Builders is jointly and severally liable for all defense costs incurred by Taylor Morrison in connection with the Underlying Lawsuits;

(d)     Builders is obligated to reimburse Taylor Morrison for all attorneys' fees and other litigation costs incurred in connection with its defense of the Underlying Lawsuits;

(e)     The attorneys' fees and other litigation costs incurred in connection with defense of the Underlying Lawsuits, and Builders' obligation to reimburse Taylor Morrison for the same, are outside of the limits of the Policies and therefore do not reduce the available coverage under the Policies;

(f)     Because Builders has failed or refused to defend Taylor Morrison in connection with the Underlying Lawsuits, its obligation to reimburse Taylor Morrison for all attorneys' fees and other litigation costs incurred in connection with its defense of the Underlying Lawsuits includes amounts incurred before the date on which Builders was notified of the various 558 Notices and Underlying Lawsuits;

(g)     Builders owes a present duty to defend Taylor Morrison in connection with the Underlying Lawsuits; and

(h)     Builders has forfeited any right to control Taylor Morrison's defense of the Underlying Lawsuits, including any right to select or approve Taylor Morrison's defense counsel.

**WHEREFORE**, Taylor Morrison respectfully requests that the Court enter judgment against Builders awarding Taylor Morrison the relief outlined above, together with prejudgment interest, attorneys' fees pursuant to Florida Statutes §§ 86.121 and 627.428 (2022), costs, and such other and further relief as the Court may deem just and proper, including, without limitation, incidental and consequential damages.

## DEMAND FOR JURY TRIAL

Taylor Morrison hereby demands a trial by jury of all issues triable as of right by jury in this Complaint.

October 1, 2025                              Respectfully submitted,

                                        */s/ Matthew R. Cogburn*
                                         **COGBURN LAW FIRM, P.A.**
                                         Matthew R. Cogburn
                                         Florida Bar No. 0288100
                                         Lauren D. Kerr
                                         Florida Bar No. 00127593
                                         777 S. Harbour Island Blvd., Suite 245
                                         Tampa, FL 33602
                                         Telephone:  813-250-3444
                                         Facsimile:  813-229-4133
                                         mcogburn@cogburnlegal.com
                                         lkerr@cogburnlegal.com
                                         tfentress@cogburnlegal.com
                                         *Attorneys for Plaintiff*

11